UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-80461-ROSENBERG

ESTATE OF JANE ORISTANO,

    Plaintiff,

v.

JOHN DOES 1-10,

    Defendants.

_____/

**ORDER TO SHOW CAUSE WHY THIS CASE
SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION
AND ORDER DENYING WITHOUT PREJUDICE MOTION TO PERMIT DISCOVERY**

    This matter is before the Court *sua sponte*. The Plaintiff's Complaint is premised is on federal diversity jurisdiction. *See* 28 U.S.C. § 1332. This Court had a duty to ensure that it does, in fact, have diversity jurisdiction over the Plaintiff's Complaint. *E.g., Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1217, 1228 (11th Cir. 2017) ("[The Court] must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century."). Upon review, the Plaintiff's Complaint does not facially allege diversity jurisdiction for two reasons.

    First, the Plaintiff has alleged the citizenship of the John Doe Defendants in this case "upon information and belief." DE 1 at 3. That is not a proper basis to allege citizenship. *E.g., Endurance Am. Specialty Ins. Co. v. Morris Hardwick Schneider, LLC*, No. 1:16-CV-01375, 2018 WL 8949294, at *2 (N.D. Ga. Aug. 27, 2018) (collecting cases within the Eleventh Circuit for the proposition that diversity jurisdiction cannot be alleged upon information and belief). Second, one of the John Doe Defendants is alleged to be a partnership, and the Plaintiff has not alleged the citizenship of the partners within the partnership. DE 1 at 3. For these reasons, the Plaintiff is

**ORDERED** to file an amended complaint that properly alleges diversity jurisdiction by April 5, 2023. In the event the Plaintiff does not comply with this Order, the Court may dismiss the Plaintiff's Complaint without prejudice for lack of subject matter jurisdiction.

The Court addresses one other matter. The Plaintiff has filed a motion to permit discovery of the identity of the John Doe Defendants at docket entry 4. The Court is familiar with case law for the proposition that limited jurisdictional discovery may be undertaken to properly allege personal jurisdiction and to ascertain the *factual truthfulness* of subject matter allegations. *E.g., Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 732 (11th Cir. 1982). What the Court is unfamiliar with is any case law for the proposition that a Plaintiff may take jurisdictional discovery to *facially allege* diversity jurisdiction. Accordingly, the Plaintiff's motion to permit discovery is **DENIED WITHOUT PREJUDICE** for the Plaintiff to provide, in any renewed motion, case law for the proposition that she may obtain discovery to facially allege diversity jurisdiction.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 29th day of March, 2023.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record